SAMUEL EVANS, *Plaintiff in Error, vs.* GEORGE L. REED AND JAMES F. WEAVER, *Defendants in Error.*

A mere transcript of the minutes of proceedings in a case in Pennsylvania, without giving the record of pleadings, proceedings and journal entries, does not constitute a record of judicial proceedings under the Act of Congress of May 26, 1790.

The renewal of a judgment in Pennsylvania by *scire facias* without service, only keeps in force the local lien, and does not constitute a new judgment against the person so as to prevent the operation of the statute of limitations.

Such new or revised judgment does not constitute an original judgment upon which a party may be sued in this State. It is based upon and controlled by the original judgment and subject to all its limitations except the local lien given by the statute of the State where rendered.

*Macomb Circuit, January, 1871.*

*Certiorari* from Justice's judgment.

Defendants in error were plaintiffs in the Court below.

The declaration was verbal in assumpsit upon a judgment rendered in the Court of Common Pleas, in Clearfield County, in the State of Pennsylvania, at the March term thereof, in the year one thousand eight hundred and sixty-seven, on the 20th day of March, for one hundred and ninety-two dollars and thirty cents, damages and costs of suit, in favor of said plaintiffs and against said defendant, and claims three hundred dollars damages.

Plea, general issue, and notice of the statute of limitations.— That there was no record of the judgment, and that there was no service of process to warrant the judgment declared upon, and defendant had no notice of any of the proceedings.

On the trial the plaintiff introduced, under due certificates, an exemplified copy of the judgment and proceedings, as follows :

" Amongst the records of the Court of Common Pleas of Clearfield County, Pennsylvania, to No. 165, January term A. D. 1857, is contained as follows, to wit :

### APPEARANCE DOCKET ENTRY.

W. B. & F.    Reed & Weaver.
14 Feb'y.          *vs.*          165.
          Samuel Evans.

D. S. B. on single bill, dated 14th February, A. D. 1857, with warrant Prothonotary to confess judgment, and conditioned

Evans *vs.* Reed *et. al.*

Proth'y W. Pl'f,       $1 12½.       to pay plaintiff the sum of one hundred and nineteen dollars and thirteen cents, one day after date, with interest . from date, with costs of suit, release of errors, &c.

*Sci. fa.* to 43½, Sept. T. 1863.

*Al. sci. fa.* to 102, March T., 1867.

Read, Debt, $119 73.
Int. from 14th Feb'y, 1857.

Entered and filed, 14 Feb'y, 1857.
Judgment.
GEORGE WALTERS, Proth'y."

"LIEN DOCKET ENTRY.

Revived—Evans, Samuel.
Reed & Weaver.
No. 165, Jan'y T., 1857.
Entered 14 Feb'y, 1857.
Debt, $119 13.

" COPY OF PRAECIPE.

In the Court of Common Pleas of Clearfield Co., Pa.

Reed & Weaver       No. 43½, Sept., T. 1866.
    *vs.*                    Issue *scire facias* to revive.
Samuel Evans       Judgment No. 165, Jan'y T., 1857.
WALLACE, BIGLER & FIELDING,
Att'ys for Pl'ffs.
22 June, 1866."

" To Proth'y of the Com. Pleas,
' September Term, 1866.'
' Appearance Docket Entry' of *Scire Facias.*
*Scire Facias* to revive Judgment.

W. B. & F.   Reed & Weaver       No. 165, January T., 1867.
29 June.        *vs.*   43½.
            Samuel Evans.       N. E. I.
                            So ans. Sh'ff Faust.

Pro. E.   Carried forward.   125.
Sh'ff Faust.                  50.
*Al. Scire Facias* to No. 102, March, 1867."

" Clearfield County, ss.
The Commonwealth of Pennsylvania.
To the Sheriff of Clearfield County, Greeting :

EVANS *vs.* REED *et. al.*

Whereas Reed & Weaver, on the 14th day of February, in the year of our Lord one thousand eight hundred and fifty-seven, obtained judgment in our County Court of Common Pleas of Clearfield County, before our Judges at Clearfield, against Samuel Evans, late of your county, yeoman, as well a certain debt of $119 13, lawful money of the United States, with interest from 14th February, 1857, as also $1 12½ like money, which to the said plaintiff in our said Court we awarded and adjudged for their damages which they sustained by occasion of the detention of that debt, whereof the said defendant was convict, as appears to us of record, &c.; yet execution of said judgment still remains to be made, as we have been given to understand by the said Reed & Weaver, who hath besought us to provide for them a proper remedy in that behalf ; and we being willing that what is right in that behalf should be done, Therefore :— We command you that by honest and lawful men of your bailiwick, you make known unto the said Samuel Evans that he be and appear before our Judges at Clearfield, at our County Court of Common Pleas, there to be held for Clearfield County, on the second Monday of September next, to show if any thing for him he has, or knows to say why the said plaintiff should not have the above judgment revived to continue the lien ; and also why the said plaintiff should not have execution against him for the said debt and damages, according to the form, force and effect of the recovery and judgment aforesaid, if to them shall seem expedient.

And further to do and receive what our said Court shall in that behalf consider and direct. And have you then and there the names of those by whom you shall make it known unto him, and this writ.

Witness the Hon. Samuel Linn, President of our said Court, at Clearfield, the 29th day of June, Anno Domini, one thousand eight hundred and sixty-seven.

[SEAL.]

D. F. ETZWEILER,

Prothonotary."

(Returned on back.)

To the Honorable Judges, &c.

N. E. I.

So ans. Sh'ff Faust.

EVANS *vs.* REED *et. al.*

## " COPY OF PRAECIPE.

In the Common Pleas of Clearfield County, Penn.

Reed & Weaver
*vs.*
Samuel Evans.
> Original No. 165, Jan'y T., 1857.
> (See 43½, September T., 1866.)
> Issue *Alias Scire Facias*, to revive above

judgment—Returnable 21 March 1867.

WALLACE, BIGLER & FIELDING,

To Proth'y Com Pleas.                    Atty's for Pl'ffs.

9th March, 1867."

## " COPY OF STATEMENT.

In the Common Pleas of Clearfield County, Penn.

Reed & Weaver
*vs.*
Samuel Evans.
> Or. J., No. 165, Jan'y T., 1857.
> No. 102, March T., 1867.
> Debt, $119 13.

Int. from 14 Feb'y, 1857, to 14 March, '67,    72 04.

Cost paid by pl'ff,                              1 13.

New Debt,                                     $192 30.
Int. 14 March, '67.

To Proth'y Com. Pleas.

WALLACE, BIGLER & FIELDING,
Atty's for Pl'ffs.

11 March, '67."

[Here follows another writ of *Scire Facias*, with same return enclosed as above copy of writ, except it is dated March 11, 1867, and made returnable the 3d Monday of March, 1867. The record then continues:]

## "MARCH TERM, 1867.

### COPY OF APPEARANCE DOCKET ENTRY.

W. B & F.    Reed & Mason
                    *vs.*
             Samuel Evans.

| | |
|---|---|
| Pro. E., cost, | $1 25 |
| Pro. E., | 3 01 |
| Sh'ff Faust, cost, | 50 |
| Att'y, | 3 00 |
| Too late for record, | .... |

*Alias Scire Facias* to revive Judgment No. 165, Jan'y T., 1857. (See 43½, Sept., 1866.) So ans. Sh'ff Faust. And now 20 March, 1867, on reading the docket in open Court, and no appearance by defendant, on motion of Wallace, Bigler &

EVANS *vs.* REED *et. al.*

| Paid by pl'ffs, | 2 50 | Fielding, Esqs., judgment in favor of the plaintiffs for the sum of one hundred and ninety-two dollars and thirty cents. |
|---|---|---|

Debt, $192 30.

Int. 14 March, 1867.

By the Court.                  Judgment.

D. F. ETZWEILER, Proth'y."

"LIEN DOCKET ENTRY.

Evans, Samuel
>    Reed & Weaver.
>        No. 102, March T., 1867.
>            Entered 20 March, 1867.
>                Debt, $192 30."

COPY OF NOTE

"One day after date, I promise to pay the order of Reed & Weaver, the sum of one hundred and nineteen dollars and thirteen cents, with interest from this 14th day of February, A. D. 1857, for value received, without defalcation, and further I do hereby empower the Prothonotary or any attorney of the Court of Common Pleas of Clearfield County, or elsewhere, or any court of record, to appear for me, Samuel Evans, and after one or more declarations filed as of the last, next or any subsequent term, to confess judgment against me for the above sum, with cost of suit, release of errors in the entering of said judgments or issuing any process thereon.

Witness my hand and seal, the 14th day of February, A. D. 1857.

In the presence of           SAMUEL EVANS. [SEAL."]
>    W. W. BETTS.

The above constitutes the entire record as produced and proved before the Justice, with the exception of the *alias* writ *Scire Facias* above referred to in parenthesis, and also excepting the certificates of authentication.

On producing this record the plaintiffs rested their case.

On the part of the defendant, it was proved that the defendant had lived in the State of Michigan since January, 1857;

that no process for the renewal or revival of the judgment was ever served on him, and that he knew nothing of the proceedings by *scire facias* to revive the judgment. Some other matters relative to payment and arrangements to pay the note were proved, but not deemed necessary to refer to in deciding the question involved.

The Justice rendered judgment for plaintiff for amount claimed.

*K. P. & J. B Eldridge*, for Plaintiff in Error.

*Hubbard & Cocker*, for Defendants in Error.

*By the Court*, MITCHELL, J.—The record of a judgment as presented, is so imperfect as to scarcely warrant its being received as a judgment record. It does not in fact purport to be a judgment record, but only copies of the minutes of proceedings.

It is true that by the Act of Congress, of May 26, 1790, "the records and judicial proceedings of the courts of any State, shall be proved or admitted in any other court within the United States, by the attestation of the Clerk and the seal of the Court annexed, if there be a seal, together with a certificate of the Judge, Chief Justice or presiding magistrate, as the case may be, that the attestation is in due form, and that the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the State from whence said records are or shall be taken."

Whatever there is of the supposed records produced is duly authenticated.

But the question arises, what is a record? It ought to be something more than a mere minute of proceedings, and that is all that appears by this certified copy.

So far as the proceedings produced and authenticated are concerned, there appears neither writ, declaration, plea or appearance, and in fact nothing that is usually deemed necessary to constitute a record of a judgment.

So far as appears all matters certified are the mere minutes of the Clerk or Prothonotary, from which a record was to be or should be made up.

It seems to me that a mere certificate of a Clerk of a Court that a judgment was entered on a certain day, in a certain court, between certain parties, would be as much of a record as that produced. But it is not necessary to determine as to the validity of the judgment in 1857, or as to the sufficiency of the certified record in that respect. As to the defendant, he living in the State since its entry, and the plaintiffs living within the United States, action upon that judgment would be barred by the statute of limitations.

But the declaration is upon a judgment of March 20th, 1867 The only effect of that judgment is to renew and keep in life any lien the plaintiff may have had in the **State** of Pennsylvania, under the original judgment of 1857, **upon** the defendant's property in that State.

It cannot go to the extent of binding the defendant personally, who was a resident of another State, and who was not served with and had no notice of the process.

The very words of the *scire facius*, the renewal process requiring the defendant to show " why the said plaintiffs should not have the above judgment revived to continue the lien," &c., indicates that it was so treated and regarded in that State. It would be extraordinary to give the judgment of revival greater force or effect than it would have in the courts where rendered. To say that a judgment can be rendered in any court where there is no service, is a violation of all rules, except in cases where the process affects property seized or held under it, and then only as to the property so held.

In this case the return of the two writs of *scire facias* or renewal writs is " *N. E. I.*" (*non est inventus.*) " So ans. Sheriff Faust," clearly showing that there was no service upon the defendant.

*Held,* That the judgment declared upon is not a judgment upon which the defendant can be held personally liable in this State, and that as to the original judgment it has been barred by the statute of limitations.

Judgment reversed, with costs.